JjON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM
 
 *
 

 In 1999, we denied the application filed by petitioner, Marcia Denise Jordan, seeking admission to the practice of law, finding she had not satisfied her burden of proving her good moral character.
 
 In re: Jordan,
 
 97-1564 (La.2/12/99), 730 So.2d 873
 
 (“Jordan I
 
 ”). In 2000, petitioner filed a second application for admission, which we denied because she made no showing of facts relating to her character and fitness to practice law that changed after the denial of her application in
 
 Jordan I. In re: Jordan,
 
 00-3006 (La.12/15/00), 775 So.2d 1065
 
 (“Jordan II”).
 
 In 2004, petitioner filed a third application for admission. Finding she had demonstrated a change in circumstances, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
 

 The commissioner conducted a hearing and thereafter recommended that petitioner be admitted to the practice of law. The Committee on Bar Admissions (“Committee”) objected to the commissioner’s recommendation.
 

 We heard oral argument in the matter in November 2004. During the argument, questions were raised whether petitioner has improperly shared the ^attorney’s fees that are paid to her employer, attorney Richard Garrett, and engaged in the unauthorized practice of law. Because these issues were not addressed in the commissioner’s report, we remanded this matter
 
 *347
 
 for a supplemental hearing before the commissioner.
 

 The commissioner conducted the supplemental hearing in November 2005. The commissioner heard testimony given by petitioner and Mr. Garrett, as well as his wife, the bookkeeper and office manager for her husband’s law firm. At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be denied admission to the bar because she has engaged in the unauthorized practice of law and has participated in a fee-sharing arrangement prohibited by the Rules of Professional Conduct.
 

 ' Petitioner did not file a timely objection in this court to the commissioner’s report and recommendation. However, in response to a motion filed by petitioner, we permitted the filing of briefs in the matter, without oral argument. Both petitioner and the Committee filed briefs in response to our order.
 
 [1]
 

 We find there is clear and convincing evidence in this record that petitioner negotiated personal injury settlements on behalf of Mr. Garrett’s clients and represented the clients during recorded statements taken by insurance companies. When performed by a non-lawyer such as petitioner, these tasks constitute the unauthorized practice of law. Moreover, we find petitioner has entered into an impermissible fee sharing arrangement with Mr. Garrett. Such an arrangement violates Rule 5.4(a) of the Rules of Professional Conduct, which provides that a |3lawyer “shall not share legal fees with a nonlawyer” except under limited circumstances not relevant to this case.
 

 Considering petitioner’s fee sharing arrangement together with her unauthorized practice of law, we conclude she has failed to meet her burden of proving that she has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(D).
 

 Accordingly, it is ordered that the application for admission be and hereby is denied.
 

 ADMISSION DENIED.
 

 *
 

 Calogero, C.J., participated in oral argument but did not participate in the deliberation of this case, having retired on December 31, 2008.
 

 [1]
 

 . Following our consideration of the briefs, we held this matter under advisement pending the conclusion of the disciplinary proceedings which had been instituted against Mr. Garrett. In a separate opinion rendered this day in
 
 In re: Garrett,
 
 08-2513 (La.5/5/09), 12 So.3d 332, we now disbar Mr. Garrett.